THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORTH BROADWAY REALTY CORPORATION, Respondent, against BERNARD A. STOCK, as Assessor of the City of White Plains, et al., Appellants. (1941 Assessment — 1942 Taxes.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORTH BROADWAY REALTY CORPORATION, Respondent, against BERNARD A. STOCK, as Assessor of the City of White Plains, et al., Appellants. (1942 Assessment — 1943 Taxes.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORTH BROADWAY REALTY CORPORATION, Respondent, against BERNARD A. STOCK, as Assessor of the City of White Plains, et al., Appellants. (1943 Assessment — 1944 Taxes.) [50 No. Broadway, City of White Plains.] — Appeal from order confirming reports of a referee in certiorari proceedings relating to tax assessments made in 1941, 1942, and 1943, on certain real property in White Plains, which reports made reduction in the assessments, and from the judgment entered pursuant thereto. Judgment and order (one paper) reversed on the law and the facts, and the certiorari proceeding dismissed, with $50 costs and disburse-

ments. The findings of fact and conclusions of law contained in the referee's report, which were approved, confirmed and adopted by the Special Term, are reversed and disapproved. New findings and conclusions will be made. The respondent's proof on reproduction cost, less depreciation, was defective as a consequence of omissions of adequate charges for profit, overhead and architect's fees, and because of inadequate charges for materials and labor, particularly in the plaster, concrete and insulation items, and inadequate valuations as to lumber cost. It was also erroneous in respect to the allowances made for depreciation when considered in connection with concurrent appreciation of market values of materials and labor. When the respondent's proof is properly evaluated in the light of the admissions contained in the mortgage applications, the reproduction cost, less just depreciation, is in excess of the assessments attacked. The mortgage financing obtained, when evaluated as being in conformity with paragraph (a) of subdivision 6 of section 81 of the Insurance Law, discloses a total valuation in excess of the assessments. The respondent's proof on capitalization of net income was likewise defective, and not properly evaluated by the referee in the light of the respondent's mortgage application admissions, in that excessive deductions were made for vacancies and operating expenses. When such deductions are eliminated and the net income figure capitalized even on respondent's formula, valuations eventuate which are in excess of the assessments. Moreover, the proof on both of these theories adduced on behalf of the city, when evaluated in connection with the credible proof of the respondent, establishes that such total city assessment is not excessive. (Tax Law, § 293.) This makes unimportant any discrepancy in respect of the land assessments. Settle order on notice. Hagarty, Acting P. J., Carswell, Adel, Aldrich and Nolan, JJ., concur.